IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JULIUS MARKS, #191 094, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:12-CV-933-WKW |
| | ) [WO] |
| B/R/ M.P.D./ M.C.D.F /A.E.C./ A.S.B./, | ) |
| A.D.O.C./ A.F.C.H./ C.R.A./ A.D.A./, | ) |
| D.O.C., *et al*., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Julius Marks, is a state inmate incarcerated at the Easterling Correctional Facility located in Clio, Alabama.[1] He files this 42 U.S.C. § 1983 action alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged due to the conduct and/or actions of twenty-four named Defendants in regard to matters associated with his state criminal and civil post-conviction proceedings in the Circuit Court for Montgomery County, Alabama, and the Alabama Court of Criminal Appeals as well as with a prior civil action he filed in this court.[2] Plaintiff's complaint is not a picture of clarity nor is it clear the relief he seeks in filing this action. At best, Plaintiff appears to seek relief from confinement believing that insufficient evidence led to his

---

[1] Plaintiff originally filed this complaint on September 19, 2012 in the United States District Court for the Western District of New York. The case was transferred to this court by order of the transferor court entered October 3, 2012. (*See Doc. No. 3*.)

[2] *See Marks v. Price, et al*., Civil Action No. 2:11-CV-865-TMH (M.D. Ala. 2011).

conviction on various criminal charges and his allegedly illegal incarceration. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[3]

## I. DISCUSSION

*A. The Complaint*

Plaintiff has named numerous defendants to this cause of action including, but not limited to, state and federal judges, attorneys, district attorneys, a police department, a detention facility, the federal court clerk's office, and various state agencies. The gist of Plaintiff's complaint appears to be an attempt to challenge the named defendants' involvement or association with matters concerning Plaintiff's conviction on state criminal charges and his efforts to dispute the validity thereof.

Certain named defendants are immune from suit, are not subject to suit or liability under § 1983/*Bivens*,[4] and/or Plaintiff's request for injunctive and/or declaratory relief against them is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). *See Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *District of Columbia*

---

[3] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[4] *See Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971).

*Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."); *Hans v. Louisiana,* 134 U.S. 1 (1890) (under the Eleventh Amendment, a state is generally immune from lawsuits brought in federal court by citizens of the state); *Papasan v. Allain*, 478 U.S. 265 (1986) (the Eleventh Amendment bars suit directly against a state or its agencies); *Bolin v. Story*, 225 F.3d 1234, 1241 (11th Cir. 2000) ("[T]he immunities provided federal officials in *Bivens* actions are coextensive with those provided state officials in § 1983 actions" and include immunity from claims for injunctive and declaratory relief); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (a jail is not a legal entity and, therefore, is not subject to suit or liability under § 1983); *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999) (an essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law whose conduct is reasonably attributable to the State); *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (§ 1983/*Bivens* actions may not be brought against agencies of the federal government).

Notwithstanding the foregoing, and to the extent some defendants may be subject to suit or liability under § 1983/*Bivens*, Plaintiff's complaint as a whole is subject to dismissal

3

as it alleges purely generalized and conclusory allegations that fail to assert those material facts necessary to establish a viable claim against any named defendant. *See Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984). That is, Plaintiff's complaint fails to identify any specific facts that allow the court to make any plausible inference that any of the treatment he allegedly received from a named defendant amounted to a violation of his constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Marsh v. Butler Cnty.,* 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001) ("[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp., v. Twombly,* 550 U.S. 555, 556 (2007)). Plaintiff cannot rely on subjective suspicions and unsupported speculation but must provide sufficient facts to show how the conduct or actions of a defendant allegedly amounted to a violation of his constitutional rights. *Id.* Because Plaintiff's generalized assertions in the complaint are unsupported by any specific factual allegations directed to any specific defendant, they are insufficient to state a claim under §

1983 and are, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Iqbal*, *supra*.

*B. The Challenge to Plaintiff's Conviction*

To the extent Plaintiff attempts to challenge the validity of a criminal conviction(s) imposed upon him by the Circuit Court for Montgomery County, Alabama. Plaintiff's claims go to the fundamental legality of his confinement, and, consequently, provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-89. The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further concluded that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the inmate can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus. *Id*. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

A judgment in favor of Plaintiff in this cause of action with regard to any challenge he seeks to make with respect to the constitutionality of his criminal conviction(s) would necessarily imply the invalidity of that conviction(s). It is clear from the complaint that the conviction(s) about which Plaintiff complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the conviction(s) in question is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser*, 411 U.S. at 488-90. Such attack is, therefore, subject to summary dismissal by this court in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The § 1983 claims presented against Defendants be DISMISSED without prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and/or (iii);

2.  Plaintiff's challenge to the constitutionality of the conviction(s) and sentence imposed upon him by the Circuit Court for Montgomery County, Alabama, be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time; and

3.  This case be DISMISSED prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

It is further

ORDERED that on or before **November 27, 2012**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 13th day of November, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE